IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAROLYN TARCHA, et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 11-2487-KHV** |
| ROCKHURST UNIVERSITY CONTINUING ) | |
| EDUCATION CENTER, INC., ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiffs Carolyn Tarcha, Julie Burns and Cheryl Flood, individually and on behalf of all those similarly situated, bring suit against Rockhurst University Continuing Education Center, Inc. ("Rockhurst") asserting violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Count I), the Kansas Wage Payment Act ("KWPA"), K.S.A. §§44-313 et seq. (Count II), and Kansas common law for unjust enrichment (Count III). This matter is before the Court on <u>Defendant's Motion To Dismiss Counts II and III of Plaintiffs' Second Amended Complaint</u> (Doc. #19) filed December 6, 2011. Rockhurst moves to dismiss Counts II and III of plaintiffs' second amended complaint and to recover attorneys' fees incurred in filing its motion. For reasons set forth below the Court finds that the motion should be sustained in part. Specifically, the Court dismisses Count III but overrules the motion as to Count II and denies the request for attorneys' fees.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). To survive a motion to

dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiffs bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949.

Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. 1949. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleaders are entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Facts**

The second amended complaint may be briefly summarized as follows:

Rockhurst is engaged in interstate commerce and its employees are engaged in commerce. At all relevant times, Rockhurst has had gross operating revenues in excess of $500,000. Rockhurst employed plaintiffs as training consultants and paid them a base salary plus commission. Although the FLSA had no applicable exemptions or exceptions, Rockhurst treated Tarcha, Burns, Flood and others similarly situated as exempt and therefore did not compensate them for overtime work.

Over the course of the last three years, plaintiffs regularly worked between one and ten hours in excess of 40 hours per week as a result of working late, overnight travel, working during lunch and performing work away from the workplace. Rockhurst knew or should have known that its training consultants often worked in excess of 40 hours each week and that such work and time is compensable under the FLSA. Rockhurst was unjustly enriched as a result of its failure to properly compensate plaintiffs and the putative class members with all wages due and owing under state and/or federal law.

Plaintiffs seek to recover unpaid wages under the FLSA (Count I), the KWPA (Count II), and Kansas common law for unjust enrichment (Count III). Plaintiffs seek to bring their FLSA claim in Count I as an opt-in collective action under 29 U.S.C. § 216(b). Plaintiffs seek to bring their claims in Counts II and III as class actions under Rule 23, Fed. Civ. P.

**Analysis**

Rockhurst asks the Court to dismiss Counts II and III because (1) Rockhurst is expressly exempt from plaintiffs' claim under the KWPA and (2) plaintiffs have abandoned their unjust enrichment claim. In response, plaintiffs agree that their unjust enrichment claim should be

dismissed. The Court therefore addresses Rockhurst's argument that plaintiffs have failed to set forth a claim for relief under the KWPA.

Plaintiffs allege that Rockhurst failed to pay overtime wages to which they were entitled under the FLSA, and that they can recover these wages under the KWPA.[1] Rockhurst concedes that it is an "employer" under Section 203 of the FLSA and notes that employers covered by the FLSA are expressly exempt from the Kansas overtime statute, the Kansas Minimum Wage Maximum Hour Law ("KMWMHL"), K.S.A. § 44-1202(d). Citing Garcia v. Tyson Foods, Inc., 766 F.Supp.2d 1167, 1188, n.15 (D. Kan. 2011), Rockhurst asserts that because it is exempt under the KMWMHL (a statute which is not at issue in this case), plaintiffs cannot use the KWPA to recover unpaid overtime wages.

In Garcia, plaintiffs asserted that their employer, Tyson, had failed to pay them for time compensable under the FLSA. Plaintiffs sought to recover non-overtime wages as "wages due" under the KWPA. Judge Lungstrum explained the interaction between KWPA and the FLSA as follows:

> The KWPA gives employees the right to receive their "wages due" and concerns when and how those wages are paid. See K.S.A. § 44-314. In those instances when an employer willfully fails to pay an employee his or her wages, the KWPA provides that the employer is liable for both the wages due and a penalty in an amount up to 100% of the unpaid wages. See § 44-315(b). *The KWPA, then, does not provide plaintiffs with any substantive rights, but simply provides a mechanism for plaintiffs to recover wages due.* In such circumstances, plaintiffs must establish independently that they are entitled to the wages that they seek. *While a plaintiff in general need not rely on the FLSA to establish the specific amount of "wages due" under the KWPA (in a different factual setting, a plaintiff might look to a written employment*

---

[1] The KWPA defines the term "employer" broadly, to include "any individual, partnership, association, joint stock company, trust, corporation, limited liability company or other organization . . . employing any person." K.S.A. § 44-314(a).

-4-

> *contract, for example), the FLSA is the legal basis for plaintiffs' KWPA claims in this case.* Thus, to the extent it is determined at trial that [the employer] is required under the FLSA to compensate its employees for certain activities or time periods for which [the employer] has not been compensating employees, then the KWPA class in this case may recover those amounts under the KWPA.

766 F. Supp. 2d at 1187 (emphasis added) (citing Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp.2d 870, 883 (N.D. Iowa 2008) (plaintiff may use FLSA to establish right to certain amount of wages under state wage payment act and employer's violation of state statute for not paying all wages due); Pennington v. G.H. Herrmann Funeral Homes, Inc., No. 1:09-cv-390-RYL-DML, 2010 WL 3326815, at *7 (S.D. Ind. Aug. 23, 2010) (plaintiffs looked to FLSA to establish violation of state wage payment statute providing penalty if employer failed to pay wages)). Judge Lungstrum then rejected the suggestion that plaintiffs who had *not* opted-in to the FLSA class could seek damages under the KWPA for "all time" not paid, including overtime. See Garcia, 766 F. Supp. 2d at 1187 n.15. Judge Lungstrum noted that employers covered by the FLSA are expressly exempt from the KMWMHL, K.S.A. § 44-1201(d).

Garcia is inapposite for several reasons. First, it was decided on summary judgment, rather than on a motion to dismiss. Second, while Judge Lungstrum stated that "permitting plaintiffs to recover overtime wages from [defendant] under the KWPA is incompatible with the exemption provision of the KMWMHL and would undermine the integrity of Kansas' wage and hour statutory scheme as a whole," Garcia, 766 F. Supp.2d at 1187 n.15, he did so while analyzing whether plaintiffs who had not opted-in to the FLSA class could state claims under the KMWMHL. In other words, for plaintiffs who had decided not to opt in to the FLSA class, the KMWMHL was the only potential legal basis for their overtime claims, and their employer was exempted from KMWMHL. Thus those plaintiffs were left with no legal basis to establish the amount of wages due under the

KWPA.

Footnote 15 in Garcia does not hold that plaintiffs can never seek damages under the KWPA for overtime "wages due" based on the FLSA, particularly given that parties can state alternative claims in a complaint. Further, in Veale v. Sprint Corp., this Court rejected the argument that a plaintiff cannot bring an action under the KWPA for overtime compensation based on overtime wages determined by the FLSA. No. 95-2379-GTV, 1997 WL 49114, at *2 (D. Kan. Feb. 3, 1997). In Veale, in the context of a claim under the KWPA to recover overtime wages, the Court noted that both the FLSA and the KMWMHL govern the determination whether defendant had "paid all wages due" to plaintiff.

Defendant argues that many courts have found that the FLSA preempts state law claims which are based on the same facts as an FLSA claim. Most of these cases, however, do not include claims under statutes similar to the KWPA. See, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 193 (4th Cir. 2007) (state law contract, negligence and fraud claims preempted); Johnston v. Davis Sec., Inc., 217 F. Supp.2d 1224, 1227-28 (D. Utah 2002) (unjust enrichment claim preempted because based on same facts and circumstances as FLSA claims); cf. McDonald v. Kellogg Co., 2009 WL 1125830, at *3 (D. Kan. 2009) (overruling motion to dismiss KWPA claims because FLSA claims focused solely on recovery of unpaid overtime compensation while KWPA claims focused solely on recovery of "improper deductions" from plaintiffs' compensation).

Plaintiffs respond that the plain language of the KWPA broadly defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission, or other basis," K.S.A. § 44-313(c), and emphatically requires that

"[e]very employer shall pay all wages due," K.S.A. § 44-314(a).[2] The KWPA defines the term "employer" broadly and does not exclude employers covered by the FLSA. See K.S.A. § 44-313(a) defining employer as "any individual, . . . corporation . . . other organization . . . employing any person."). Plaintiffs argue that the KWPA applies to wages sought and owed under the FLSA based on the plain language of the KWPA and its unambiguous requirement that employers are to pay "all wages" regardless of how those wages are calculated. Plaintiffs further note that the second amended complaint alleges that they worked hours in excess of 40 for which they were not paid a regular hourly rate. Plaintiffs argue that even without relying on overtime allowed under the FLSA, defendant owes them wages for hours worked (in this case, those in excess of 40 hours) for which they did not receive a regular hourly rate to compensate them for their work during this time. Plaintiffs seek the regular wages they were owed plus interest as provided under the KWPA.

The Court finds that plaintiffs may rely on the FLSA as the legal basis for a KWPA claim. Garcia, 766 F.Supp.2d at 1187. Cf. Dillworth v. Case Farms Processing, Inc., 2009 WL 2766991, at *3 (N.D. Ohio, Aug. 27 2009) (North Carolina Wage and Hour Act precludes claim for FLSA overtime under state statute). To the extent that plaintiffs' claims under the FLSA and KWPA are redundant, plaintiffs will be required to elect their remedies at some point later in this litigation.

Finally, defendant asks the Court to impose sanctions because plaintiffs' claims in Counts II and III are meritless, citing Gibson v. SW Bell Tel. Co., 2008 WL 4307617, at *5 (D. Kan. 2008) (plaintiff required to pay costs of motion to dismiss as reasonable condition to amend complaint to remove meritless claims under KWPA). The Court has found that Count II is not meritless. In any

---

[2] Plaintiffs also point out that the KWPA was enacted in 1973 – approximately five years before the 1977 enactment of the Kansas Minimum Wage Maximum Hour Law ("KMWMHL").

event, Rule 11 sets forth procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(1)(A). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this procedure is mandatory. Rubio ex re. Z.R. v. Turner Sch. Dist. No. 202, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Id. Because defendant did not file a separate motion and has provided no evidence that it complied with the safe harbor provision, and because its fee request is otherwise lacking in merit, the Court overrules the request for sanctions.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Counts II and III of Plaintiffs' Second Amended Complaint (Doc. #19) filed December 6, 2011 be and hereby is **SUSTAINED** in part. Count III be and hereby is **DISMISSED** with prejudice. Plaintiffs' claims in Counts I and II remain in the case.

Dated this 4th day of June, 2012 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge